PRICE *vs.* READ.—June, 1828.

A defendant who purchased a slave at less than her value, and agreed at the time of the sale, not to sell her out of the state, but afterwards sold her to a person out of the state, is to be considered as guilty of a cheat, and responsible in damages therefor to the original owner of the slave.

APPEAL from *Montgomery* County Court. This was an action on the case. The declaration of the plaintiff, (the appellee,) contained two counts. The *first count* stated, that on the 1st of January 1824, a certain conversation was moved and had between the defendant, (the appellant,) and the plaintiff, of and concerning the purchase of a certain negro girl named *Ann,* the slave of the plaintiff, of him the plaintiff, in which conversation it was agreed by and between the plaintiff and defendant, that the said negro girl agreed to be sold by the plaintiff to the defendant, should not be removed out of this state, nor sold to any person living out of this state, but that the said negro girl should live as a slave in this state, so as to be near and convenient to her friends and relatives. And upon the conversation aforesaid, the defendant then and there falsely, fraudulently and deceitfully, affirmed to the plaintiff, that the said negro girl should, after the purchase of her by him from the plaintiff, reside in this state during her life-time; which said affirmation of the defendant, by him then and there so made, the plaintiff believing to be true, he the plaintiff afterwards, to wit, on, &c. sold the said negro girl to the defendant for the sum of

$200, a price much less than the value of the said negro girl, provided there had been no such understanding or agreement between the plaintiff and defendant as to the residence of the said negro girl, during her life-time, in this state, so as aforesaid made. And thereupon the plaintiff did actually sell and deliver the said negro girl to the defendant. And the plaintiff in fact saith, that although he the plaintiff did sell and deliver the said negro girl to the defendant, upon the promise and agreement of the defendant, that the said negro girl should live during her life-time in this state; yet the defendant, not regarding his said promise and undertaking, but contriving and fraudulently intending, craftily and subtilely to deceive and defraud the plaintiff in this behalf, did on, &c. sell and deliver the said negro girl to a negro trader, living in one of the states of the *U. S.* situate south of this state; by means of which said last sale and delivery, the said negro girl has been removed out of this state to one of the states of the *U. S.* south of this state, there to reside at a great distance from her friends and relatives. And so the plaintiff saith, that the defendant him the plaintiff then and there falsely and fraudulently deceived and defrauded. The *second count* stated, that the plaintiff on the 1st of January 1826, (should be 1824,) at the county aforesaid, was possessed of another valuable negro woman slave named *Ann,* who had been brought up in the plaintiff's family and service, but for whose services he had no further use, he was willing to dispose of the said woman slave for a sum far less than her real value, to a master who resided and would keep her in the neighbourhood, and would engage that she would not be sold away to the southern negro traders; and the defendant, well knowing the same, he fraudulently came and imposed himself upon him as a person residing in *Montgomery* county in this state, wanting such slave to be kept and employed in the neighbourhood aforesaid; and thereupon falsely, fraudulently and deceitfully, declared and protested, that he would engage that the said slave should not be transported or sold away to traders in negroes, but should be kept and employed in this state; by reason of which false and deceitful representations, the plaintiff was imposed upon, and prevailed with, to sell to the defendant the said slave for the sum of $200, a sum far less than her real value,

which the plaintiff avers was at leat $400. The plaintiff further avers, that he would not have sold the said slave, but for the consideration of her being kept within this state, for any sum of money whatever, and the defendant well knew the same. And the plaintiff being so imposed upon as aforesaid, and relying on the said representation, and promise and engagement, of the defendant, did sell and deliver to him the said woman slave. And the plaintiff further declares, that the said representation, declarations and promises, of the defendant, were utterly false and deceitful, and that at the time that he thus gave himself out and imposed upon the plaintiff as wishing to purchase the said woman slave, upon the conditions and considerations aforesaid, for his own use and employment within this state, he had engaged to sell the said woman slave to a negro trader, who he well knew wanted to transport the said woman slave beyond the limits of this state. And the defendant, having as aforesaid, by fraud and deceit, bought the said woman slave, intendedly for his own use, and possessed himself of the said woman slave, sold and delivered the said woman slave to a negro trader, who took the said woman slave, and transported and carried her away out of this state to foreign parts, unknown to the plaintiff. And so the plaintiff saith, that by reason of the fraudulent, false, and deceitful representations as aforesaid, he was imposed upon to sell and dispose of his said woman slave for a much less sum than her real and full value, and thereby lost the said value of the said woman slave; and was otherwise greatly injured, and hath damage to, &c. The defendant pleaded not guilty, and issue was joined.

1. At the trial the plaintiff proved by *Thomas P. Willson,* that the negro girl, named in the declaration, was his own property, and that she was in the possession of the witness in *Rockville,* in *Montgomery* county; that he wished to sell, and had offered for sale, the said negro girl; that the defendant called upon the witness and proposed to purchase the said girl; the terms offered were one-half cash, and a credit for the balance of the purchase money; to which terms the witness acceded. That the witness then informed the defendant, that the plaintiff would not sell the girl to any person who would remove her from this state, and the defendant declared that he should pur-

chase her for his own use, and promised that she should not be sold out of this state. The witness further proved, that the defendant did not at that time purchase the said girl, but because the witness had forgotten the time allowed by the plaintiff to another person to purchase the said girl, the defendant was referred by the witness to the plaintiff, who resided in *George-Town*, in the District of *Columbia*. That the defendant went to *George-Town*, saw the plaintiff, and brought from him a letter to the witness, directing him to deliver the said negro to the defendant, and informing him that he would pay in cash the whole of the purchase money, to wit, $200. The witness proved, that when he did deliver the negro, he said to the defendant, that the plaintiff might have obtained from a negro trader a hundred dollars more, if he had chosen to sell her to such person; to which the defendant assented. The said witness stated that he did not know the terms of the contract made by the defendant with the plaintiff in *George-Town*, if any contract were there made with him. The plaintiff further proved, by another competent witness, that the defendant afterwards sold the said negro to a person residing in a state south of the *Potomac river*, for the sum of $225. The defendant then read in evidence the following receipt: "16th June 1825. Received from Mr. *William Price* two hundred dollars, for payment of a negro girl named *Ann*, sold him by Mr. *Robert Reid* of *George-Town*. 　　　　　　　　　　*Thos. P. Willson.*"

Which, it was admitted, was the receipt given by the witness, *Willson*, to the defendant, at the time of the delivery of the said negro. The defendant then prayed the court to instruct the jury, that unless the jury shall believe from the evidence that there was an agreement on the part of the defendant with the plaintiff, that the negro in the declaration mentioned should be kept in this state, at the time the sale was made to him by the plaintiff, and that the agreement was reduced to writing, and signed, the plaintiff was not entitled to recover. Which direction the Court, [*Kilgour*, and *Wilkinson*, A. J.] refused to give. The defendant excepted.

2. Upon the aforegoing statement of facts the plaintiff prayed the court to instruct the jury, that if they believed from the evidence that the defendant was guilty of the deceit charged in

the declaration, in making the purchase of the negro girl, and that the plaintiff was injured by such deceit, then the plaintiff is entitled to recover; and in estimating the damages the jury are not restricted to the mere pecuniary loss sustained by the plaintiff in the sale. Of which opinion the court was, and so directed the jury. The defendant excepted. Verdict for the plaintiff, and damages assessed to $133 33. Judgment rendered thereon for the plaintiff. The defendant appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, and ARCHER, J.

*F. S. Key*, for the Appellee, cited *Adams v Anderson*, 4 *Harr. & Johns*. 558.

No Counsel argued for the Appellant.

THE COURT. This case is within the authority of *Adams v Anderson*.

JUDGMENT AFFIRMED.